CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

SEP 16 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICHARD LEE NEWSOME, | ) |
| Plaintiff, | ) Case No. 7:09CV00380 |
| v. | ) |
| | ) MEMORANDUM OPINION |
| SWVRJA HAYSI FACILITY MEDICAL STAFF, | ) By: Glen E. Conrad |
| | ) United States District Judge |
| Defendants. | ) |

Plaintiff Richard Lee Newsome, a Virginia inmate proceeding pro se, brings this action as a civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Newsome complains that jail officials have failed to provide medical treatment to resolve a skin rash that he has suffered for three months. Upon review of the record, the court finds that the complaint must be dismissed.

## Background

Newsome alleges the following sequence of facts on which he bases his claims. Newsome is incarcerated at the Southwestern Virginia Regional Jail ("SWVRJ") facility in Haysi, Virginia. He has suffered from a skin rash for three months. He has seen a doctor several times, and each time, the doctor prescribed medication for him. Newsome's grievances indicate that at first, the doctor thought the condition might be fungal and prescribed medication accordingly. That medication did not alleviate the problem, however. The rash spread from Newsome's inner thigh and groin area to his stomach, arms, and legs as well. Newsome says that when the rash "flares up, [his] skin dries, cracks, and bleeds."

At Newsome's most recent examination on August 31, 2009, the doctor suggested that maybe Newsome is allergic to the detergent used to wash his clothes. This time, the doctor

prescribed an antihistamine to address a possible allergic reaction.[1] Newsome asked him what could be done about an allergy to the detergents used at the jail, and the doctor told him "in so many words . . . that [he] would just have to deal with it if the antihistamine didn't help."

Newsome sues the SWVRJ medical staff. He does not state what relief he seeks.

## Discussion

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." In reviewing the case for possible summary dismissal, the court must accept allegations in the complaint as true and draw all reasonable factual inferences in the plaintiff's favor. See De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). After review of Newson's allegations as amended, the court concludes that he fails to allege facts stating any plausible claim actionable under § 1983.

As a preliminary matter, Newsome cannot maintain his action against SWVRJ or its medical staff as a group, since these entities are not "persons" subject to suit under 42 U.S.C. §1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). Moreover, because Newsome's allegations do not state any actionable claim under § 1983 against anyone, the court need not give him an opportunity to amend to name proper defendants.

Prisoners are constitutionally entitled to necessary medical treatment of known, serious medical needs.[2] Estelle v. Gamble, 429 U.S. 97 (1976). To prove that his course of medical

---

[1] Newsome believes that the doctor has been prescribing the same medication over and over.

[2] It is not clear from his pleadings whether Newsome is a pretrial detainee or a convicted felon. Claims concerning confinement conditions imposed upon pretrial detainees are to be evaluated under the Due Process Clause, rather than under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535-538 (1979).

treatment amounted to a constitutional violation, an inmate must show that jail officials to whose care he was committed exhibited "deliberate indifference" to his "serious medical needs." Id. at 104.

> A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention or if denial of or a delay in treatment causes, or threatens to cause, the inmate to suffer a life-long handicap or permanent loss.

Coppage v. Mann, 906 F. Supp. 1025, 1037 (E.D. Va. 1995) (internal quotations omitted).

To prove deliberate indifference, the inmate must show that officials were subjectively aware of the plaintiff's need for treatment and its seriousness. Farmer v. Brennan, 511 U.S. 825, 847 (1994). The inmate must show that the official was aware of objective evidence, from which he could draw an inference that a substantial risk of harm existed, and that he drew that inference. Id. On the other hand, so long as the doctor is providing diagnosis and treatment, negligent misdiagnosis or other instances of medical malpractice do not present constitutional deprivations. Estelle, 429 U.S. at 105-106. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 106. See also Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998) (because evidence indicated doctors diagnosed and treated plaintiff's symptoms, but did not show that doctors knew his condition involved pituitary gland tumor, failure to diagnose and treat that condition did not state Eighth Amendment claim even though inmate ultimately went blind).

Under these principles, Newsome's allegations do not state the elements of any claim actionable under § 1983. First, while the rash is no doubt uncomfortable, Newsome does not allege facts indicating that it is life-threatening, that it causes severe pain, or that it has any

---

Due process proscribes punishment of a detainee before proper adjudication of guilt has been accomplished. Id. However, as a practical matter, the contours of the Due Process Clause in the prison context tend to be coextensive with the substantive constitutional principles applied via the Eighth Amendment to convicted inmates. See Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992) (medical needs).

likelihood of causing him any life-long disability. Thus, Newsome's allegations fail to demonstrate that the condition presents a serious medical need.

Even if it could be considered a serious medical need, however, Newsome fails to allege facts indicating that anyone has acted with deliberate indifference to his condition. He admits that in only three months at the jail, he has seen the doctor several times and, each time, has received medication. Thus, his condition has not been ignored. Newsome has not alleged any facts indicating that the doctor knew his initial course of treatment for the inmate presented any substantial risk of harm. On the contrary, based on a longer period of observation, the doctor has now altered his diagnosis and offers a different treatment.[3] These actions do not support a claim of deliberate indifference by the doctor. At the most, they might give rise to a claim of misdiagnosis or negligent treatment, which is not actionable under § 1983.[4] As for other jail officials, they were entitled to rely on the doctors' decisions regarding the appropriate course of treatment for Newsome and cannot be held liable for failing to provide different treatment. See Miltier v. Beorn, 896 F.2d 848, 855 (4th Cir. 1990).

### Conclusion

For the stated reasons, the court concludes that Newsome's allegations fail to state any actionable constitutional claim. Accordingly, his § 1983 claims must be dismissed without prejudice, pursuant to § 1915A(b)(1). An appropriate order will enter this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days

---

[3] Newsome is worried that if the antihistamine does not work, the doctor will not provide any further treatment. That circumstance has not yet occurred or caused Newsome any injury about which he can bring suit. If the recently prescribed medication indeed proves to be ineffective, Newsome must exhaust administrative remedies regarding that problem before he may bring any § 1983 claims about it. 42 U.S.C. § 1997e(a).

[4] Section 1983 was intended to protect only federal rights guaranteed by federal law and not tort claims for which there are adequate remedies under state law. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Thus, any state law claims possibly implicated by plaintiff's allegations are not independently actionable under § 1983, and the court declines to exercise supplemental jurisdiction over them in this action. See 28 U.S.C. § 1367(c). All such claims will be dismissed without prejudice accordingly.

of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 16th day of September, 2009.

*/s/ Glen E. Conrad*
United States District Judge